# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| RODALE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:08-CV-120 |
| | § | |
| U.S. PREVENTIVE MEDICINE, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY</u>**

Pending before the court is "Defendant's Motion for Expedited Discovery and Brief in Support" (docket entry #34). Having considered the Defendant's motion, the Plaintiff's response in opposition thereto (docket entry #39) and the Defendant's reply (docket entry #41), the court finds that the Defendant's motion should be denied as moot.

On April 4, 2008, the Plaintiff filed the instant action seeking monetary and injunctive relief for its claims of trademark infringement, unfair competition and dilution. The Defendant filed its answer on September 2, 2008. Thereafter, on September 8, 2008, the Plaintiff filed a motion for preliminary injunction. The Plaintiff seeks to enjoin the Defendant from (1) using or displaying the mark "PREVENTION" in conjunction with the Defendant's business activities, (2) using or displaying the mark "PREVENTION" on any website or as a domain name, and (3) making any statement or performing any act likely to lead members of the public to believe that the Defendant or its products or services are associated with or approved by the Plaintiff.

On September 23, 2008, the Defendant filed the motion now before the court, seeking expedited discovery to enable the Defendant to prepare for a hearing on the Plaintiff's motion for preliminary

injunction. The Plaintiff contends, however, that the Defendant failed to establish the requisite "good cause" for such discovery.

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." FED. R. CIV. P. 26(d)(1). "A court should only issue an order for expedited discovery if there is some showing of good cause to justify the order." *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004), citing 8 CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2046.1 (West 1994). An order for expedited discovery would be appropriate in a case seeking a preliminary injunction. *Id*.

Here, the Defendant's motion is moot. On September 9, 2008, the court ordered the parties to confer as required by FED. R. CIV. P. 26(f) no later than October 17, 2008. The court presumes that the parties have conferred; accordingly, under the Rules, the parties may engage in discovery.[1] It is, therefore,

**ORDERED** that "Defendant's Motion for Expedited Discovery" (docket entry #34) is **DENIED AS MOOT**.

**SIGNED this the 21st day of October, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[1] Regardless, the court notes that the Defendant has shown the requisite good cause for the entry of an expedited discovery order.